ATTORNEY FOR APPELLANT ATTORNEYS FOR APPELLEE

Michael J. Lewinski J. Lee Robbins

ICE MILLER DONADIO & RYAN Brian C. Hewitt

Indianapolis, Indiana VAN VALER WILLIAMS & HEWITT

Greenwood, Indiana  

In The

INDIANA SUPREME COURT

COMO, INC., ) 

Appellant (Defendant Below), ) 

)

v. ) 49S02-9511-CV-1267

) CARSON SQUARE, INC., )

Appellee (Plaintiff Below). )

                          ________________________________________________  

APPEAL FROM THE MARION SUPERIOR COURT

The Honorable Gerald S. Zore, Judge

Cause No. 49D07-9308-CP-884

                        _________________________________________________

On Petition To Transfer

DICKSON, J.

The appellant-defendant, Como, Inc., appeals from the grant of summary judgment in favor of the appellee-plaintiff, Carson Square, Inc., in an action to terminate Como’s leasehold interest in Carson Square Shopping Center in Indianapolis.  

Between 1975 and February, 1993, the shopping center was owned by Carson Partners, subject to a mortgage held by American Fletcher National Bank and Trust Company n/k/a Bank One, Indianapolis, NA.  In June, 1990, Como and Carson Partners entered into a five-year lease for a 20,000 square foot space in the shopping center which was to house Primo Catering and Banquet Hall, a catering business operated by Como.  The lease was later amended to give Como two consecutive five-year options to renew. In February, 1991, Carson Partners defaulted on the mortgage.  Bank One sought foreclosure on the shopping center, but neither named Como as a party to the foreclosure action nor notified Como of its commencement.  A judgement of foreclosure was entered in February of 1993 and, on August 3, 1993, Bank One assigned its mortgage and judgment of foreclosure to Carson Square, which purchased the shopping center at a sheriff’s sale the following day.  This action resulted from the ensuing dispute between Como and Carson Square primarily regarding whether the foreclosure action terminated Como’s leasehold interests.  

The trial court granted summary judgment in favor of Carson Square declaring that Como’s lease was forever barred and foreclosed, that Como has no present rights or interest in the shopping center, that Como must deliver immediate possession to Carson Square, and that Como must pay Carson Square fair market value rent from the time Carson Square acquired the premises.  The Court of Appeals reversed, holding that Como was denied due process by its exclusion from the foreclosure action, and that the foreclosure did not abolish Como’s leasehold.  
Como, Inc. v. Carson Square, Inc.
, 648 N.E.2d 1247, 1249 (Ind. Ct. App. 1995).  We granted transfer to review this issue.  

However, of the four members of this Court able to participate in this case, two justices believe that the result reached by the  Court of Appeals was correct, and two justices are of a contrary belief.  This rare circumstance is anticipated in our rules which provide that in cases where the Supreme Court is evenly divided upon the proper disposition of the cause once transfer is granted, “transfer shall be deemed denied and the decision of the Court of Appeals shall be affirmed and becomes the law of the case.” Ind. App. Rule 11(B)(5).  This rule is intended to facilitate finality in a particular case, not to establish precedent on issues upon which this Court is evenly divided.

While our previous order granting transfer vacated the opinion of the Court of Appeals under Indiana Appellate Rule 11(B)(3), the effect of said decision upon the parties herein is now affirmed as the law of the case.

SHEPARD, C.J., and SULLIVAN and BOEHM, JJ. concur, noting that DICKSON and BOEHM, JJ. believe that the result reached by the Court of Appeals is correct and that  SHEPARD, C.J. and SULLIVAN, J. believe that the opinion of the Court of Appeals is incorrect.  SELBY, J., not participating.